IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD EARLE RUSHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-157 |
| | ) | |
| WARDEN WILKES; DEPUTY WARDEN | ) | |
| MCGREW; DEPUTY WARDEN | ) | |
| ROBINSON; DEPUTY WARDEN | ) | |
| SHELTON; and DEPUTY WARDEN | ) | |
| TREMBLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.

## I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.     DISCUSSION

### A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes:  (1) Rushin v. Obriens, 1:10-CV-02106-RLV, doc. no. 2 (N.D. Ga. July 29, 2010); (2) Ash (a/k/a Rushin) v. Adamson, 4:10-CV-55-CDL-GMF, doc. nos. 7, 12 (M.D. Ga. June 30, 2010); and (3) Rushin v. Freeman, 1:05-CV-01699-RLV, doc. no. 2 (N.D. Ga. Aug. 16, 2005); see also Rushin v. Williams et al., 5:17-cv-00354-MTT-CHW (M.D. Ga. Nov. 16, 2017) (dismissing Plaintiff's complaint for three strikes under § 1915(g)).  Because Plaintiff has at least three strikes, he cannot proceed IFP in the present case unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

2

**B.      Plaintiff Does Not Qualify for the Imminent Danger Exception.**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff complains of being housed at ASMP despite having no mental or physical health diagnosis, which "plac[es] [him] in harms [sic] way subjecting [him] to drug dealing gang/member [sic] that are mentally retarded." (See doc. no. 1, pp. 5-6.) However, "[i]n the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]." Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). Plaintiff provides no specific details concerning any particularized danger. Indeed, he has not detailed even one specific instance of violence against him since being housed at ASMP. Plaintiff's vague fears without any specifics do not by themselves demonstrate he was in any imminent danger when he filed his complaint. See Medberry, 185 F.3d at 1193; cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger of serious physical injury where inmate complained of total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications). Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.      CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED**

without prejudice.  If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 5th day of December, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA